UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ESTEBAN RAMIREZ-MELGOZE, MARTHA A RAMIREZ, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> COUNTRYWIDE HOME LOAN SERVICING LP, RECONTRUST COMPANY NA, <br><br> Defendants-Appellees. | NO. CV-10-0049-LRS <br><br> (Bankruptcy Case No. 09-00801-PCW13; Adversary No. 09-80101-PCW) <br><br> **ORDER DENYING PLAINTIFFS' MOTION TO APPEAL ORDER DISMISSING ADVERSARY PROCEEDING** |

BEFORE THE COURT is Appellants-Plaintiffs' Appeal of the Bankruptcy Court's Order Dismissing Appellants' Adversary Proceeding Following Appellees' Motion to Dismiss for Failure to State a Claim (Ct. Rec. 1) filed February 24, 2010 and noted without oral argument for October 4, 2010, by agreement of the parties. Appellants appealed two orders of the Bankruptcy Court: 1) Order Granting Defendants' Motion to Dismiss entered in the adversary proceeding on February 18, 2010; and 2) Order Denying Plaintiff's Motion for Summary Judgment entered in the adversary proceeding on February 18, 2010. This Court has already denied Appellants' Motion for Leave to Appeal Order Denying Motion for Summary Judgment in its Amended Order entered on July 29, 2010 (Ct. Rec. 31).

ORDER ~ 1

The only matter left before this Court is Appellants' appeal of the bankruptcy Court's order dismissing Appellants' adversary proceeding following Appellees' motion to dismiss for failure to state a claim.

**I.  SUMMARY OF FACTS**

On or about August 8, 2004, Esteban and Martha Ramirez ("Appellants") entered into a Lease Option to Purchase Contract ("Option Contract") with William and Kyna Easter ("Easters" or "Borrowers"), whereby Appellants rented the property commonly described as 201 3rd Street South, Brewster, Washington 98812 ("Property") with the option to purchase the Property. Appellants failed to properly record their interests under the Option Contract.

The Easters subsequently executed a promissory note in favor of America's Wholesale Lender in the amount of $84,150.00 ("Note") on or around March 1, 2006. The Note was secured by a Deed of Trust encumbering the Property. America's Wholesale Lender was not aware of Appellants' interest in the Property at the time the Easters executed the Note and Deed of Trust due to Appellants' failure to record their interests under the Option Contract.

Appellee Countrywide Home Loans, Inc. was "doing business as" and operating under the name of America's Wholesale Lender at the time the Easters originated the loan. On or about August 30, 2006, Countrywide Home Loans, Inc., doing business as America's Wholesale Lender, indorsed the Note in blank. On or around April 26, 2007, upon learning that the Easters had encumbered the Property, Appellants filed a state court action against the Easters in Okanogan County Superior Court under cause number 07-2-00184-2 ("Okanogan Litigation").

ORDER ~ 2

On July 27, 2007, the Easters filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Western District of Washington, under cause number 07-13476-SJS. Appellants filed a bankruptcy adversary case against the Easters ("Easter Adversary Litigation").  On or around August 15, 2008, the parties entered into a Settlement Agreement in order to resolve all of the disputes arising from the Okanogan County and Easter Adversary Litigation.  Pursuant to the terms of the Settlement Agreement, the Property at issue was deeded to Appellants. Countrywide Home Loans, Inc. was permitted to proceed with foreclosure action in the event the loan was not paid in full within 14 days.  Countrywide Home Loans, Inc. agreed to the 14 day delay in order to allow Appellants an opportunity to seek alternate financing and pay off the entire obligation owed by William and Kyna Easter.

On November 19, 2008, and as a direct result of Appellants' and Borrowers' failure to satisfy the Easter obligation in full, Countrywide Home Loans, Inc., through its appointed trustee, Appellee ReconTrust Company, N.A., caused a Notice of Trustee's sale to be recorded.  The Trustee's sale was scheduled to occur on February 20, 2009.

In November of 2008, Corporation Service Company, located at 202 North Phoenix Street, Olympia, WA 98506, served as ReconTrust Company, N.A.'s registered agent in Washington. After November 2008, ReconTrust Company, N.A. undertook a project to change its Washington registered agent to CT Corporation System, located at 1801 West Bay Drive NW, Ste 205, Olympia, WA 98502. Effective February 1, 2009, CT Corporation

ORDER ~ 3

System became ReconTrust Company, N.A.'s registered agent in Washington.

On February 20, 2009, the date scheduled for the Trustee's sale, Appellants filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, Eastern District of Washington, under cause number 09-00801. At the time of the bankruptcy filing, the Easter loan was contractually due for the April 1, 2007 payment. The pre-petition arrears totaled $22,612.33. Appellants filed a Chapter 13 plan which proposed to cure the delinquency owed on the Easter Note and maintain the Easter's ongoing loan payments. Countrywide Home Loans Servicing, LP filed a proof of claim in order to object to Appellants' Chapter 13 plan.

On April 27, 2009, and subsequent to the filing of Appellants' Chapter 13 petition, Bank of America, N.A. acquired Countrywide Bank, FSB, its affiliates and subsidiaries. As a result, "Countrywide Home Loans Servicing, LP" underwent a name change and began operating as "BAC Home Loans Servicing, LP."

**II.   SUMMARY OF ARGUMENTS**

    A.   <u>Appellants' Argument</u>

Appellants allege that Appellees are liable for violations of the Washington Deed of Trust Act and Unfair Business Practices Act as a result of Appellees' non-communicative policies and alleged failure to act impartially in the administration of the Easter loan. More specifically, Appellants assert that Appellees' "conduct and non-communication policies" impaired their right to cure the Easter loan delinquency in violation of the Washington Deed of Trust Act.

Appellants contend that they qualify as "successors" of the Easters because they became liable for the Easter obligation under the Settlement Agreement. In essence, Appellants argue that they qualify as the Easters' "successor" because they succeeded the Easters in ownership. Appellants contend that it is unreasonable to allow a junior lien holder to cure a payment deficiency owing on a third party's loan, while denying this right to a party like Appellant Ramirez.

Appellants allege that ReconTrust Company, N.A. breached its duty of impartiality by failing to maintain a local office and phone number, as required by R.C.W. 61.24.030(6). Appellants also argue that there was "considerable confusion about the identity of the Trustee, because "'Recontrust' can be either Recontrust, Inc, a Nevada Corporation; or Recontrust NA, a Banking Association." Similarly, Appellants allege that "the legal identity of the noteholder, which turned out to [be] BAC Home Loans Servicing, LP, remained a mystery until after creditor's claim was filed in the bankruptcy. Up to that point Ramirez reasonably believed [the] noteholder to be Countrywide Home Loans, Inc."

Appellants allege that Appellees are liable for "Unfair Business Practices" due to Appellees' "non communication policy." Appellants also allege that Appellees prepared certain unspecified documents and such documents were prepared by "persons practicing law without a license."

ORDER ~ 5

1   Finally, Appellants assert that Appellees' conduct impaired their
2   ability to effectively restrain the Trustee's sale scheduled for
3   February 2009.

### B.  Appellees' Argument

Appellees argue that Appellants fail to state a claim upon which relief may be granted as to their claims for violations of the Washington Deed of Trust Act and Unfair Business Practices Act. Appellees assert that the Bankruptcy Court correctly concluded that Appellees' actions "did not deprive the [Appellants], nor prevent the [Appellants] from exercising any legal rights related to the foreclosure. Even though the [Appellees'] contact [sic] may have precluded the [Appellants] from curing the delinquency under the note, the [Appellants] had no right to do so under state law."

Appellees argued that Appellants did not qualify as a borrower, grantor, a beneficiary under a subordinate deed of trust, or a person having a subordinate lien or encumbrance of record on the Property. Further, Appellees assert that as a "third party" to the Easter loan, state law did not afford Appellants the right to cure the loan delinquency in order to stop the foreclosure sale.  Appellees rely on the Washington Deed of Trust Act which provides that only a "borrower, grantor, any guarantor, any beneficiary under a subordinate deed of trust, or any person having a subordinate lien or encumbrance of record on the trust property or any part thereof" may cause a discontinuance of a Trustee sale by curing the default. R.C.W. 61.24.090.

ORDER ~ 6

Appellees argue that Appellants do not qualify as a "Borrower" as that term is defined by the Deed of Trust Act because Appellants are not liable for the obligation owed by the Easters. Therefore, Appellants did not have the right to cure the payment deficiency on the Easter loan under R.C.W. 61.24.090. Similarly, Appellants are not similarly situated to a junior lien holder. Whereas a hypothetical junior lien holder would have a valid, recorded interest in the Property, Appellants did not.

Appellees explain that the Settlement Agreement imposed no liability on Appellants. Under the terms of the Settlement Agreement, Countrywide Home Loans, Inc. allowed Appellants a fourteen day window of opportunity to refinance the loan in its entirety. Thereafter, Appellees could proceed with foreclosure.  This agreement can be distinguished from an actual assumption of the loan, which would have imposed personal liability on Appellants for the Easter obligation. Neither Countrywide Home Loans, Inc. nor its successors, as part of the Settlement Agreement or under any other circumstance, consented to assumption of the Easter Loan by Appellants.  The Appellants never assumed the obligations of the Note.  Appellees argue that there is <u>no</u> contractual relationship which would render Appellants liable for performance under the Easter Note.

Appellees argue that instead of refinancing the loan, Appellants filed a bankruptcy petition and submitted a Chapter 13 plan in an effort to force a loan modification. Countrywide Home Loans Servicing, LP filed a proof of claim to preserve its interests and objected to Appellants' plan, which proposed to maintain the ongoing monthly

ORDER ~ 7

payments owed by the Easters. This conduct indicates, Appellees contend, that Countrywide Home Loans, Inc. and its successors never intended for the Settlement Agreement to operate as a formal loan assumption. Appellees point out that a formal loan assumption would have required a written contract. Appellants have failed to produce a writing which memorializes a formal loan assumption. Finally, from the public policy standpoint, Appellees argue that there is a compelling need to protect lenders from "strangers" to a loan based on privacy considerations, principles of freedom of contract, and fairness and stability in the marketplace. Lenders should not be forced into contractual relationships with parties with whom they have no desire to transact business.

Appellees further argue that ReconTrust Company, N.A. did not breach any duty of impartiality in the administration of the Easter Loan. Appellees concede that the Deed of Trust Act, as it applied in November of 2008, imposed a duty on the Trustee to act "impartially between the borrower, grantor, and the beneficiary." Wash. Rev. Code Ann. 61.24.010 (4) (West 2008). Appellants fail, however, to qualify as a borrower, grantor or beneficiary so ReconTrust Company, N.A. owed no duty of impartiality to Appellants.

The last argument that Appellees raise before this Court is that their conduct did not impair Appellants' ability to restrain the foreclosure sale in February 2009. In fact, Appellees point out, Appellants obtained an order restraining the sale and the February 2009 sale was effectively restrained. Appellees state that because Appellants had no right to tender the payment deficiency pursuant to

R.C.W. 61.24.090, Appellants were not deprived of any legal right as a result of ReconTrust Company N.A. changing its registered agent prior to the foreclosure sale.  Moreover, although Appellants argue that Corporation Service Company failed to maintain a local phone number, Appellants have introduced no evidence to support this contention.[1]  As occupants of the Property, Appellants only had a right to receive notice of the trustee's sale, which they received.

As to Appellants' argument below that there existed "considerable confusion about the identity of the Trustee," Appellees respond that Appellants are simply trying to create an ambiguity where none exists. Appellees state that the foreclosing Trustee was identified as ReconTrust, Company, N.A. on the Notice of Trustee's sale.  Nowhere does the Notice of Trustee's sale mention "ReconTrust, Inc., a Nevada Corporation." Additionally, the recorded Appointment of Successor Trustee also identifies "ReconTrust Company, N.A." as the successor trustee.

---

[1] Appellees explain that the allegation regarding failure to maintain a local phone number is based on Appellants' inability to contact one of ReconTrust Company, N.A.'s representatives in order to cure the payment deficiency on the Easter loan prior to the scheduled foreclosure sale. Appellees explain that  Appellants were allegedly disconnected after ReconTrust Company, N.A.'s representatives learned that Appellants and their counsel were not the original borrowers.

ORDER ~ 9

1    Appellees also address Appellants' claim that confusion existed
2 as to the legal identity of the noteholder.  Appellees argue that as a
3 stranger to the loan, Appellants lack standing to raise any arguments
4 relating to the Note. Thus, Appellants fail to state a claim upon
5 which relief may be granted.

6    With respect to Appellants' Unfair Business Practices claim
7 regarding "non communication" and refusal to disclose information on
8 the Easter Loan to Appellants, Appellees respond that: 1) Appellants
9 cannot maintain an action for "unfair business practices" related to a
10 loan under which Appellants were never a party; 2) the Gramm-Leach-
11 Bliley Act ("GLBA") prohibits financial institutions from disclosing
12 information on a customer's loan to a third party pursuant to 15
13 U.S.C. §6801, etc. seq.  Appellees conclude Appellants lack the
14 requisite standing to bring a claim for Unfair Business Practices in
15 relation to a loan under which Appellants were never a party and had
16 not assumed.  Appellees also did not owe Appellants any duty to
17 provide access to the Easter account information or an opportunity to
18 cure the payment deficiency telephonically, or otherwise.

19    With respect to Appellants' allegation that documents were
20 prepared by persons unauthorized to practice law, raised for the first
21 time on appeal, Appellees note that Appellants fail to specify which
22 documents were prepared by persons unauthorized and any authority in
23 support of their allegation.  Appellees note, however, that Appellants
24 are not a party to the loan at issue, and thus lack standing to raise
25 any issues regarding the administration of the loan.

26

1    As for Appellants' claim that Appellees' conduct impaired
2 Appellants' ability to restrain the Trustee's sale, Appellees assert
3 that this claim is without merit.  Appellants obtained an order
4 restraining the sale and the February 2009 sale did not take place. In
5 conclusion, Appellees state that Appellants have come to federal court
6 in an attempt to force a modification of a Note and Deed of Trust
7 under which Appellants were never a party. To force such a
8 modification and compel the substitution of the original obligors for
9 a third party would defy all principles of freedom of contract.

### III. BANKRUPTCY COURT FINDINGS

The Bankruptcy Court concluded that Appellees' actions "did not deprive the [Appellants], nor prevent the [Appellants] from exercising any legal rights related to the foreclosure.  Even though the [Appellees'] contact [sic] may have precluded the [Appellants] from curing the delinquency under the note, the [Appellants] had no right to do so under state law." The Bankruptcy Court held that Appellants did not qualify as "successors" because they did not assume the Easter Note.  The Bankruptcy Court construed "successor" under R.C.W. 61.24.005(6) to mean "successor in liability" as to the obligation secured by the Deed of Trust, not "successor in title" as to the property serving as the security.

The Bankruptcy Court held that because Appellants did not qualify as the "successors" to the Easters in accordance with state law, and they did not have the right to cure the payment deficiency on the Easter loan. The court reasoned:

ORDER ~ 11

> [i]f state law did provide that, then the holder of a note secured by a deed of trust would be required to accept cure from any party who is a stranger to the underlying transaction, payment from a party against whom the note could not be legally enforced. No holders and beneficiaries would [sic] be required to deal on a long term basis under the note with strangers to the underlying transaction who had not assumed any liability in the transaction, and state law simply doesn't mandate that result.

The Bankruptcy Court held "[t]he [Appellants] are not liable under the note. The note cannot be enforced against them by the holder. They are not successors to the borrower as there is no written agreement with the beneficiary by which the plaintiff assumed liability under the note."  The Bankruptcy Court held that Appellants failed to qualify as a borrower or grantor and did not qualify as a beneficiary.

The Bankruptcy Court also concluded that "Recon Trust [Company] N.A., did maintain a registered agent and physical address in this state. Whether or not it was required to do so under state law, it complied with this requirement."

**IV.   ANALYSIS**

A.   Standard of Appellate Review

A bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo on appeal. *In re Fowler*, 394 F.3d 1208, 1212 (9th Cir. 2005); Fed. R. Bankr. P. 8013.

B.   Bankruptcy Court Did Not Err in Finding that Appellants Failed to State a Claim Upon Which Relief May be Granted as to Appellants' Claims for Violations of the Deed of Trust Act and Unfair Business Practices Act

ORDER ~ 12

To support this construction, the Bankruptcy court reasoned that the Deed of Trust Act provides an additional list of parties who are entitled to receive notice of the trustee's sale pursuant to R.C.W. 61.24.040. In addition to the "grantor," R.C.W. 61.24.040(b)(iii) provides that both a "vendee in any real estate contract" and "holder of any conveyances . . . in any portion or all of the property . . . recorded after the recordation of the deed of trust being foreclosed" must receive notice of the trustee's sale. Appellants qualified as a party entitled to receive notice of the sale under R.C.W. 61.24.040(b)(iii), which Appellants received. However, entitlement to receive notice is fundamentally different than entitlement to cure a default and the Deed of Trust Act commits separate sections to each action.

This Court agrees with the Bankruptcy Court's reasoning. As Appellees note, the legislature would not have provided an additional, separate list of parties entitled to receive notice of the sale, which includes parties similarly situated to Appellants, if the term "grantor" already encompassed the grantor's "successors in title." If so, the inclusion of the parties described in R.C.W. 61.24.040(b)(iii) would be redundant. Moreover, the definition of "successor" under R.C.W. 61.24.005(6) is limited to the successor in liability on the loan because a deed of trust is executed to serve as security for the performance of the borrower's obligations under the loan. It would be illogical to extend the definition of "successor" to a party which had no liability on the underlying obligation. In limiting the definition of "successor" to "successors in liability," the lender is protected

from strangers to the loan.  The Bankruptcy Court's construction of the term "successor" under R.C.W. 61.24.005(3) and R.C.W. 61.24.005(6) was reasonable given the foregoing public policy considerations raised by Appellees.

/ / /

/ / /

/ / /

    C.    <u>Bankruptcy Court Did Not Err in Finding Appellees' Conduct Did Not Impair Appellants' Ability to Restrain the Trustee's Sale When Appellants Obtained an Order Restraining the Sale and the Trustee's Scheduled Sale for February 20, 2009 Did Not Occur</u>

As for Appellants' contention that the registered agent requirements were not followed, this Court finds that the Bankruptcy Court properly concluded that Recontrust complied with the requirement to maintain a registered agent in this state.  The Notice of Trustee Sale identified the local agent for service of process as "Corporation Services Company, 202 North Phoenix Street, Olympia, WA 98506."  This appears to have been the correct name and address for ReconTrust Company, N.A.'s registered agent in November 2008, at the time the Notice of Trustee Sale was executed and recorded. Though the registered agent for ReconTrust Company, N.A. changed to CT Corporation Systems, effective February 1, 2009, ReconTrust Company, N.A. maintained a registered agent and physical presence in Washington at all relevant times and was thus in compliance with R.C.W. 61.24.030(6).[2]  This Court agrees with the Bankruptcy Court which

---

[2] R.C.W. 61.24.030(6) provides:

ORDER ~ 14

found that Appellants' legal rights were not impaired as a result of ReconTrust Company, N.A. changing its registered agent.

Finally, this Court finds that Appellees owed no duty of impartiality to Appellants, therefore, Appellants' allegation that ReconTrust Company, N.A. breached a duty of impartiality fails to state a claim upon which relief may be granted.  Even if Appellants were such a party to whom a duty was owed, the Bankruptcy Court correctly found that "Plaintiffs' right to effectively restrain the trustee's sale had not impaired because Plaintiffs did obtain an order which purportedly restrained the sale . . . ".   Regardless of whether service of the application for the restraining order was effectuated in a manner consistent with state law, the record establishes that Appellants accepted service of process by mail. Appellees' counsel sent Appellants' attorney confirmation that the sale would be postponed.[3]  Clearly Appellees' conduct did not impair Appellants' ability to restrain the Trustee's sale.

---

> That prior to the date of the notice of trustee's sale and continuing thereafter through the date of the trustee's sale, the trustee must maintain a street address in this state where personal service of process may be made, and the trustee must maintain a physical presence and have telephone service at such address.

[3]Appellants contend that the Order Conditionally Restraining Sale was "defective on its face" and "could not be enforced" because R.C.W. 61.24.130(2) requires that notice of the application for a restraining order be served on the Trustee, not just mailed.

ORDER ~ 15

**V.   CONCLUSION**

Based upon the reasons and authorities cited above, **IT IS HEREBY ORDERED** that Appellants' complaint fails to state any claim upon which relief may be granted and this Court affirms the Bankruptcy Court's order and **dismisses Appellants' case with prejudice.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this order, enter judgment accordingly, provide copies to counsel and the Clerk of the Bankruptcy Court, and CLOSE FILE.

**DATED** this ___8th___ day of November, 2010.

*s/Lonny R. Suko*

LONNY R. SUKO
Chief United States District Judge